UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KATHERINE READO                             CIVIL ACTION

VERSUS
                                            NO. 14-11-JJB
MERITPLAN INSURANCE COMPANY

### RULING ON MOTION FOR SUMMARY JUDGMENT

This case is before the Court on a Motion for Summary Judgment (Doc. 13) filed by the defendant, Meritplan Insurance Company (Meritplan). Plaintiff Katherine Reado (Reado) filed an opposition (Doc. 17) to which Meritplan replied (Doc. 19). Oral argument is unnecessary.

### Background

On July 13, 2012, Reado lost her home to a fire. Prior to this, she insured the home through Allstate, but she allowed coverage to lapse. Accordingly, her mortgage lender, GMAC Mortgage, LLC (GMAC) purchased insurance with Meritplan to protect its interest in the home. GMAC sent Reado a letter informing her that it had purchased insurance, and in the letter, GMAC told Reado that she would be paying the premiums. Reado paid these premiums, and after the fire, she filed a claim with Meritplan as if she were the insured. However, the contract—explicit in its terms—only covered GMAC.

During the claims process, Reado spoke with a business associate of her nephew, Greg Harrison (Harrison), a veteran of the construction business. Harrison, for reasons that both sides dispute, said the house should be gutted. Reado, also for reasons that both sides dispute, had the house gutted on August 3, 2012 and submitted a claim for the cost to Meritplan; Meritplan refused to pay this claim. Reado sued in November of 2013 alleging violations of several statutes and raising claims relating to negligence and detrimental reliance.

1

## Standard of Review

A motion for summary judgment should be granted when the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, show that there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A factual dispute is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The admissibility of evidence for summary judgment purposes conforms to the rules of admissibility at trial. *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 285 (5th Cir. 2004) (citations omitted). Material facts are those "that might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. Whether a fact is material will depend on the substantive law. *Id.* When addressing a summary judgment motion, the court must make reasonable inferences in favor of the non-moving party. *Evans v. City of Bishop*, 238 F.3d 586, 589 (5th Cir. 2000). If the movant meets his initial burden of showing the absence of a genuine dispute of material fact, the burden shifts to the nonmovant to identify or produce evidence that establishes a genuine dispute of material fact. *Allen v. Rapides Parish Sch. Bd.*, 204 F.3d 619, 621 (5th Cir. 2000).

## Analysis

I. Insurance Claims

Reado makes two claims that are directly related to the insurance policy. First, she seeks to recover the expenses for gutting the house that she claims she is due under the policy. Second, she seeks to recover penalties under Louisiana's insurance law.

A. The policy

An insurance contract is, like other contracts, the law between the parties. *Pareti v. Sentry Indemnity Company*, 536 So.2d 417, 420 (La. 1988). Although ambiguities are to be construed in favor of the insured, the Court "has no authority to alter the terms of policies . . . when the policy provisions are couched in unambiguous language." *Id*. Several cases from Louisiana appellate courts have held that when the lender obtains insurance on mortgaged property, the owner of the property is not the insured and thus may not recover under the policy. *E.g. Scheaffer v. Newport Insurance Co.*, 2008-1008 (La. App. 4 Cir. 12/17/08); 1 So.3d 756. In *Scheaffter*, the court noted that the policy was "specifically and unambiguously . . . issued to protect only [the lender's] interest in the property." *Id*. at *6; 760.

Insurance contracts can name third party beneficiaries, but this must be done clearly and unequivocally; the requirements of a *Stipulation Pour Autrui* must be met. These three requirements are that the stipulation for the third party is clear, that there is certainty regarding the benefit to the third party, and that the benefit is not simply incidental to the contract between the parties. *Joseph v. Hosp. Serv. Dist. No. 2 of Parish of St. Mary*, 2005-2364 *8–9 (La. 10/15/06); 939 So.2d 1206, 1212.

Although Reado paid the premiums and may have thought she was insured, the policy terms are explicit: it only covers the named insured, and that named insured is GMAC. The letter that Reado received indicated that the insurance policy covered her property, but the language of that letter also clearly indicated that GMAC purchased the policy for its own protection. There is nothing in the policy that meets the requirements for a *Stipulation Pour Autrui*; indeed, the evidence indicates that GMAC purchased the policy for its own benefit rather than Reado's

benefit. Consequently, Reado has no claim to payments from Meritplan under the policy; this policy was a contract between only Meritplan and GMAC.

B. Penalties

Under Louisiana insurance law, several statutes provide penalties to insureds for particular conduct by insurance companies. *E.g.* La. Rev. Stat. Ann. § 22:1973 (West 2014). The plaintiff seeks penalties under § 22:1973, but the language of the statute, along with jurisprudence on the issue, prevents recovery. Some third party claimants can recover under the statute, but the jurisprudence allowing this is limited to situations such as those in *Theriot v. Mildland Risk Ins. Co.* where the third party claimant seeks to recover from the insurance company of a tortfeasor. 95-2895 (La. 5/20/97); 694 So.2d 184. Therefore, Reado has no claim for penalties under this statute.

II. Tort claim

In Louisiana, a tort claim normally prescribes one year "from the day injury or damage is sustained," though prescription may not begin to run in some instances[1] until the tort victim receives notice of the damage. La. Civ. Code Ann. arts. 3492, 3493 (West 2014). Reado learned of the gutting of the house by no later than August 3, 2012, and she did not file suit until November of 2013. Consequently, her action for negligence is prescribed.

III. Detrimental Reliance

The Louisiana Civil Code defines detrimental reliance as when an individual makes a promise "when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying." La. Civ. Code Ann. art. 1967 (West 2014). With a detrimental reliance action, the applicable prescriptive period

---

[1] For example, the damage here was to immovable property, the home, and that scenario falls under Article 3493February 11, 2015.

depends on the nature of the claim, and here, the plaintiff's complaint repeatedly used tort language such as negligence and proximate cause. *Keenan v. Donaldson, Lufkin & Jenrette, Inc.*, 575 F.3d 483, 487 (5th Cir. 2009); (Doc. 1-2 at 2). As a result, the prescriptive period for a tort action is appropriate, and it is one year. La. Civ. Code Ann. art. 3492 (West 2014). Given that Reado had the house gutted on August 3, 2012, the latest date she could have brought the action is August 3, 2013; she did not sue until November of 2013, so her action is prescribed.

IV.   Unfair trade practices

Reado also asserts claim under Louisiana's Unfair Trade Practices Act. La. Rev. Stat. Ann. § 51:1409 (West 2014). However, that statute has its own prescriptive period: a claim prescribes one year from the "time of the transaction or act [that] gave rise" to the claim. *Id*. § 51:1409(E). As with the tort claim, the basis for this claim is the gutting of the house, which occurred on August 3, 2012, and Reado did not file her suit until November of 2013. Therefore, any claim she may have had[2] prescribed no later than August 3, 2013.

V.   Ripeness of Summary Judgment

In her opposition, Reado first argues that summary judgment is inappropriate at this time because she believes further discovery is necessary. However, given the arguments presented and addressed above, the Court finds that it can rule on the Motion for Summary Judgment at this time.

---

[2] It is unnecessary to evaluate the question of whether this statute could even apply in this situation, given that insurance has its own set of statutes; the claim prescribed regardless.

## **Conclusion**

Based on the foregoing, the defendant's Motion for Summary Judgment (Doc. 13) is GRANTED.

Signed in Baton Rouge, Louisiana, on February 11, 2015.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**